# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| THERESA EVANS § | |
| § | Civil Action No. 4:15-CV-00578 |
| v. § | Judge Mazzant |
| § | |
| T-MOBILE USA, INC. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Enforce Settlement Agreement (Dkt. #32). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

On September 7, 2016, Theresa Evans ("Evans") and T-Mobile USA, Inc. ("T-Mobile") mediated this case and reached an agreement to settle. The next day, the mediator sent the parties a mediator's proposal outlining the parties' agreement and setting forth the bounds of a future, written memorialization drafted by T-Mobile. Specifically, the Memorandum of Settlement provides that the Dispute Resolution Agreement will incorporate the separation agreement and include standard settlement terms including, but not limited to: mutual confidentiality, neutral reference, indemnity, and dismissal.

On September 12, 2016, T-Mobile emailed Evans's attorney noting its acceptance of the mediator's proposal, but adjusting terms regarding the payment. After a brief exchange of emails, Evans's attorney stated that he had authority accept, and did accept, T-Mobile's modified terms. On September 15, 2016, the mediator notified the Court of the apparent settlement reached between the parties. On September 23, 2016, T-Mobile memorialized the entire agreement in a "Dispute-Resolution Agreement and Full and Final Release" (the "Settlement")

and provided the Settlement to Evans. The Settlement included the parties' agreed terms plus boilerplate settlement terms for waiver of claims, non-disparagement, cooperation, and entire agreement. The Settlement did not include terms for "mutual confidentiality" or "neutral reference" as required by the Mediator's Proposal.

After several months without finalization of settlement, the parties requested a telephone conference to determine how to proceed (Dkt. #30). On December 15, 2016, the Court held a status conference.

On January 3, 2017, T-Mobile filed this Motion to Enforce Settlement Agreement (Dkt. #32). On January 23, 2017, Evans emailed T-Mobile with edits to the Settlement. On January 24, 2017, Evans filed a response (Dkt. #35). On January 30, T-Mobile filed a reply (Dkt. #36). On January 31, 2017, T-Mobile filed an amended reply with an amended proposed order (Dkt. #37). On February 3, 2017, Evans filed a sur-reply (Dkt. #38).

## LEGAL STANDARD

A court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties. *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). Once a party authorizes settlement, "that party remains bound by the terms of the agreement" and cannot "change[] his mind when presented with the settlement documents." *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981). A settlement need not be reduced to writing in order to be enforceable. *Quesada v. Napolitano*, 701 F.3d 1080, 1084 n.10 (5th Cir. 2012). "An attorney of record is presumed to have authority to compromise and settle litigation of his client . . . ." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984) (quoting S*t. Armand v. Marriott Hotel, Inc.*, 430 F. Supp. 488, 490 (E.D. La.

1977)). The party attacking the settlement bears the burden to show that the contract is tainted with invalidity. *Harmon v. Journal Pub. Co.*, 476 F. App'x 756, 758 (5th Cir. 2012).

**ANALYSIS**

The Court concludes that the Settlement created by T-Mobile on September 23, 2016 is a valid settlement agreement, subject to the addition of "mutual confidentiality" and "neutral reference" terms contained in the mediator's proposal. T-Mobile agrees that the Settlement does not contain the mutual confidentiality or neutral reference terms and that any order by the Court should include those terms.

It is undisputed that Evans gave her attorney express authority to compromise her claim in connection with the September 7 mediation and communications thereafter. It is also undisputed that the agreement reached includes the Mediator's Proposal of September 8, 2016 (*See* Dkt. #35 at p. 1). The Mediator's Proposal "Term Sheet" expressly provides that the parties will execute a "Dispute Resolution Agreement" (Dkt. #32, Exhibit A-2). It further provides:

> The Dispute Resolution Agreement will incorporate the separation agreement and include standard settlement terms including, but not limited to: mutual confidentiality, complete release, no rehire, neutral reference, indemnity of Defendant for taxes, dismissal of this lawsuit with prejudice with each party bearing its own costs and fees, and withdrawal of both EEOC charges.

(Dkt. #32, Exhibit A-2).

The Settlement produced by T-Mobile on September 23, 2016 includes several boilerplate terms necessary to enforce the settlement and related to those stated on the Mediator's Proposal Term Sheet. Four months later, on January 23, 2017, Evans emailed T-Mobile a draft of the Settlement with edits that deleted several provisions, including provisions for waiver of claims, non-disparagement, cooperation, no admission of claims, indemnification from derivative claims, no violations of law by T-Mobile, knowing and voluntary agreement, no reliance, and entire agreement.

3

Evans does not provide any argument or authority on how these terms are not standard settlement terms. At most, Evans argues in her sur-reply that the waiver of constitutional rights is not an "inconsequential nit[]." While reference to the First Amendment is direct and forceful, non-disparagement clauses and other forms of prior restraint are common settlement terms, particularly in employment separation situations. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 457–48 (5th Cir. 2005); *E.E.O.C. v. Severn Trent Servs., Inc.*, 358 F.3d 438, 440–41 (7th Cir. 2004) (holding that perpetual non-disparagement "private gag orders" were "unexceptional"). The Court's enforcement of a private agreement does not have the same constitutional implications as when the state affirmatively orders action or inaction. *Cohen v. Cowles Media Co.*, 501 U.S. 663, 671 (1991) ("The parties themselves, as in this case, determine the scope of their legal obligations, and any restrictions that may be placed on the publication of truthful information are self-imposed.").

The Court has reviewed the Settlement prepared by T-Mobile and the edits made by Evans. The Court finds that the Settlement prepared by T-Mobile adequately provides for the terms agreed to by the parties and that upon addition of terms for mutual confidentiality and neutral reference, the agreement should be enforced.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Enforce Settlement Agreement (Dkt. #32) and as amended in Defendant's Amended Reply Brief (Dkt. #37) is hereby **GRANTED AS MODIFIED**.

Defendant is **ORDERED** to modify the Dispute-Resolution Agreement and Full and Final Release attached as Exhibit 4 to Exhibit A to Defendant's Motion to Enforce Settlement Agreement (Dkt. #32, Exhibit A-4) to include terms for "mutual confidentiality" and "neutral

reference." Defendant shall make these changes and produce to Plaintiff the modified Dispute Resolution Agreement within fourteen (14) days of entry of this memorandum opinion and order.

Plaintiff is **ORDERED** to execute the Dispute Resolution Agreement within fourteen (14) days of receipt from Defendant.

**SIGNED this 16th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE